## STATE OF FLORIDA v REAVES
### Case No. 86-729
Nineteenth Judicial Circuit, Indian River County
September 2, 1987

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### JUDGMENT AND SENTENCE

The defendant was indicted, tried and convicted for the First Degree Murder of Deputy Sheriff Cpl. Richard Raczkoski. The trial jury in accordance with F. S. 921.141(5) and 921.141(6) recommended to the Court by a unanimous vote that the Court impose a sentence of death. The Court, having heard the evidence in both the guilt and the sentencing phase, hereby makes its finding of fact as to both the aggravating and mitigating factors as set forth in F.S. 921.141(5) and F.S. 921.141(6).

The Court has summarized the facts as presented at trial and applied them to each enumerated factor.

**13**

## AGGRAVATING CIRCUMSTANCES

(I) 921.141(5)(a) There is no evidence nor was the jury instructed that they could find that the defendant was under a sentence of imprisonment at the time of the commission of this offense.

(II) 921.141(5)(b) Pursuant to *Johnson v. State*, 465 So.2d 499at pg. 505, the State introduced evidence through certified judgments and sentences and in the form of *VIVA VOCE* testimony concerning this element. The record supports the conclusion beyond and to the exclusion of any reasonable doubt that the defendant had been previously twice convicted of an offense involving the use or threat of violence. The Court so finds as a matter of fact and law.

(III) 921.141(5)(c) The jury was not instructed nor does the evidence support a finding that the defendant knowingly created a risk of death of many persons.

(IV) 921.141(5)(d) The jury was not instructed nor does the evidence support a finding that this aggravating factor is established.

(V) 921.141(5)(e) The jury was instructed on this aggravating circumstance. The evidence at trial, in the form of the defendant's own voluntarily given statement, establishes beyond and to the exclusion of any reasonable doubt that dominant motive for the murder of the officer was to avoid arrest for possession of a firearm in violation of F.S. 790.23. The Court finds that this aggravating circumstances is established as a matter of fact and law.

(VI) 921.141(5)(f) The jury was not instructed nor does the evidence support a finding that the murder was committed for pecuniary gain.

(VII) 921.141(5)(g) The jury in accordance with *Suarez v. State*, 481 So.2d. 1201, (Fla. 1985) was instructed on this aggravating circumstance. The Court finds, however, that the same facts which support 921.141(5)(e) apply to and support this aggravating circumstance. Therefore, in accordance with *Buford v. State*, 403 So.2d 943 (Fla. 1981), the Court specifically has not considered this aggravating factor.

(VIII) 921.141(5)(h) The evidence in this case demonstrated the victim in this case was fully aware of his impending death. Testimonial evidence from the witness Hinton indicated that the defendant within minutes of the shooting, told him that

14

the officer told the defendant that he could leave and that the defendant then told the officer it is "either you or me." Thus bringing home vividly to the officer that the defendant intended his death. The evidence further supports the finding that officer retreated while the defendant pointed a .380 semi-automatic handgun to his face and clutched him by the throat. The evidence further fully supports the conclusion that the officer attempted to flee and that the defendant fired a full clip at the fleeing officer striking him four times. Finally the evidence demonstrates that officer suffered great pain and because of extensive hemorrhaging in his lungs literally drowned in his own blood while simultaneously suffering great pain from massive damage to his liver, small intestines, and vertebrae. The State has established beyond and to the exclusion of any reasonable doubt that the officer experienced both apprehension of impending death and great suffering before death. The Court finds, therefore, as a matter of fact and law that this aggravating circumstance is established factually and legally and this capital felony was heinous, atrocious, or cruel.

(IX) 921.141(5)(i) The jury was instructed on this aggravating circumstance, however, the Court finds that the evidence at trial is not sufficient to support this circumstance. While the evidence clearly demonstrates this murder was committed without any pretense of moral or legal justification it does not support a conclusion of heightened premeditation within the meaning of *Preston v. State*, 444 So.2d 939 (Fla. 1984).

## MITIGATING CIRCUMSTANCES

The defendant, through trial counsel and after an inquiry by the Court, waived reliance on all mitigating circumstances save one. The Court, however, has considered all evidence at trial and sentencing and hereby makes the following findings of fact and law with regard to mitigating circumstances.

(I) 921.141(6)(a) There is no evidence in the record to support the mitigating circumstance of lack of a significant criminal history. The Court finds as a matter of fact and law that this mitigating circumstance has not been established.

(II) 921.141(6)(b) There has been no testimony, either lay or expert, that the offense was committed while the defendant was under the influence of extreme emotional or mental disturbance. The evidence, on the contrary, demonstrates the defendant acted purposefully to accomplish a criminal objective the

**15**

death of Cpl. Raczkoski. The Court therefore finds as a matter of fact and law that this mitigating factor has not been established.

(III) 921.141(6)(c) The evidence at trial and in sentence failed to raise the consent of the victim or his participation in the defendant's conduct or act. The testimony and evidence indicates that the victim begged for his life and fled in an attempt to avoid death. The Court, therefore, finds as a matter of fact and law that this mitigating circumstance has not been established.

(IV) 921.141(6)(d) The evidence in this case establishes beyond a reasonable doubt that the defendant acted alone and was the sole cause of the victim's death. There is no evidence before the Court, therefore, that supports a finding that the felony was committed by someone other than this defendant or that his participation was minor. The Court, therefore, finds that as a matter of fact and law that this mitigating circumstance has not been established.

(V) 921.141(6)(e) There is no evidence that the defendant acted from extreme duress nor is there any evidence to support a finding that the defendant acted while under the substantial domination of any other person. The evidence in the case, on the contrary, established that the defendant acted purposefully with a clearly voluntary intent to effect the death of the victim.

(VI) 921.141(6)(f) The Court has considered those portions of defendant's statement introduced at trial that indicate that the defendant may have been under the influence of Cocaine at the time of the shooting. The evidence in the case as a whole, including the defendant's statement as a whole indicate (1) The defendant acted with a stated objective, i.e., the death of the officer (2) That he accomplished this objective in a purposeful manner with full knowledge of the consequences to the victim of his acts, that is in gaining control of the weapon, as reflected in the evidence making a conscious choice to the kill the officer, (3) That the defendant calmly fired a seven round clip striking the officer four times (4) That the defendant, immediately after the shooting, planned and executed a well thought out escape plan and attempted to evade arrest by changing his identity. Based on the foregoing, the Court finds as a matter of fact and law that this mitigating circumstance has not been established.

(VII) 921.141(6)(g) The Court finds that the defendant is thirty-eight years of age and that therefore this mitigating circumstance is not established as a matter of fact and law.

As indicated previously, the defendant, through counsel, and after an inquiry by the Court, waived reliance on all statutory mitigating circumstances, except any other aspect of his character, record and other circumstances of the offense.

In accordance with 921.141(6)(h), the defendant introduced military records reflecting his service in the Vietnam conflict. The defendant further testified as to his combat service and awards while serving with the 1st Air Cav. and 4th Infantry Division, in that conflict. The State, in rebuttal, introduced evidence that during this period of service the defendant was tried and convicted by Special Court Martial for a violation of Article 121 of the Uniform Code of Military Justice, Larceny and disobedience of a direct order in violation of Article 92 of the Code.

The Court finds that the defendant's military service in active combat does support a finding of this mitigating factor.

The Court, therefore, has weighed the aggravating circumstances and the mitigating circumstance. The record reflects that the victim Deputy Sheriff Cpl. Richard Raczkoski's death was needless and cruel. The defendant has exhibited a continuing and escalating propensity for violence that is chilling. This officer's death reflects a conscious indifference to lawful authority and a complete absence of human compassion. The mitigating circumstance while significant and deserving of the careful consideration it has received pales into insignificance when placed in juxtaposition with the magnitude of this utterly malevolent murder. The Court, therefore, finds beyond and to the exclusion of any reasonable doubt that the aggravating circumstances outweighthe mitigating circumstance.

This officer literally laid down his life in the performance of his duty. In so doing, he upheld the imperative of duty that the laws of our State impose on law enforcement officers. The Court must be equally willing to perform the duty that the law and evidence mandate in a case of this nature.

## JUDGMENT AND SENTENCE

William Reaves, based on the foregoing, the Court finds and adjudicates you guilty of the crime of First Degree Murder. It is the judgment and sentence of this Court that you be taken from here to a place specified by law, there to await the pleasure of the Governor of the State of Florida. It is the further judgment and sentence of this

17

Court that at the appointed time and place in accordance with law you shall be put to death.

DONE and ORDERED in Open Court, in Indian River County, Vero Beach, Florida on this the 2nd day of September, 1987.

520737

## STATE OF FLORIDA

### UNIFORM COMMITMENT TO CUSTODY
### OF DEPARTMENT OF CORRECTIONS

The Circuit Court of _____ INDIAN RIVER _____ County

in the _____ SPRING _____ Term, 19_87_, in the case of

**State of Florida**

vs

_____ WILLIAM REAVES _____
Defendant

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE, GREETING:

The above named defendant having been duly charged with the offense specified herein in the above styled Court, and he having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of Indictment/Information, Judgement and Sentence, and Felony Disposition and Sentence Data form which are hereby made parts hereof;

Now therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant, together with any pertinent Investigation Report prepared in this case, into the custody of the Department of Corrections of the State of Florida: and this is to command you, the said Department of Corrections, by and through your Secretary, Regional Directors, Superintendents, and other officials, to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correctional system to which you, the said Department of Corrections, may cause the said defendant to be conveyed or thereafter transferred. And these presents shall be your authority for the same. Herein fail not.

WITNESS the Honorable ___ JOHN E. FENNELLY ___

Judge of said Court, as also __ FREDA WRIGHT __

Clerk, and the Seal thereof, this the __2nd__ day of

____ SEPTEMBER ____ , 19 87.

(Month)

_____ FREDA WRIGHT _____ , CLERK

By: _____
Deputy Clerk

Page ____ of ____ Pages

**O.R. 0777 PG 2440**

19

☐ **PROBATION VIOLATOR**
*(Check if Applicable)*

IN THE CIRCUIT COURT, ___19th___
JUDICIAL CIRCUIT, IN AND FOR

__INDIAN RIVER__ COUNTY, FLORIDA

DIVISION __CRIMINAL/FELONY__

**STATE OF FLORIDA**

CASE NUMBER ___86-729___

—vs—

___WILLIAM REAVES___
Defendant

# JUDGMENT

The Defendant, ___WILLIAM REAVES___, being personally before this

Court represented by ___CLIFFORD BARNES___, his attorney of record, and having

x☒ Been tried and found guilty of the following crime(s)
*(Check Applicable Provision)* ☐ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|---|---|---|---|---|
| I | FIRST DEGREE MURDER | 782.04 | CAPITAL | 86-729 |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

••••••••••••••••••••

The Defendant is hereby ordered to pay the sum of ten dollars ($10 00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of two dollars ($2.00) as a court cost pursuant to F.S. 943 25(4).

☐ The Defendant is ordered to pay an additional sum of two dollars ($2 00) pursuant to F.S. 943.25(8).
(This provision is optional; not applicable unless checked).

*(Check if Applicable)* ☐ The Defendant is further ordered to pay a fine in the sum of $_____
pursuant to F.S. 775.0835
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775 083 are to be recorded on the Sentence page(s)).

☐ The Court hereby imposes additional court costs in the sum of $_____.

___ The Defendant is further ordered to pay additional court cost of $200.00 pursuant to F.S. 27.3455
OR

___ The Defendant is determined to be indigent and is sentenced to ___ hours of Community Service in lieu of the $200 additional court costs. This Community Service shall commence 1 week from date. If the Defendant is incarcerated, shall begin 1 week ... rmination of inc.. ..tio.

O.R. 0777 PG 2441

osition of Sentence ☐ The Court hereby stays and withholds the imposition of sentence as to count(s) _____
ed and Withheld and places the Defendant on probation for a period of _____
ick if Applicable) under the supervision of the Department of Corrections (conditions of probation set forth in
 separate order.)

ence Deferred ☐ The Court hereby defers imposition of sentence until _____.
· Later Date (date)
ick if Applicable)

The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the
k of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The
ndant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing
digency.

_____ _John E. Fennelly_ _____
CUIT JUDGE

**FINGERPRINTS OF DEFENDANT**

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| | | | | |
| 6. L. Thumb | 7. L. Index | 8. L. Middle | 9. L. Ring | 10. L. Little |
| | | | | |

gerprints taken by _Gary Burliff_ x _William Reaves_
ne and Title DEFENDANT

DONE AND ORDERED in Open Court at **Vero Beach, Indian River** County, Florida, this _____2nd_____ day
**SEPTEMBER** A.D., 19 **87** . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of
Defendant, _____**WILLIAM REAVES**_____ and that they were placed thereon by said Defendant in my
sence in Open Court this date.

_____ _John E. Fennelly_ _____
JUDGE

· Page _____ of _____

**O.R. 0777 PG** 2442

21

Defendant __WILLIAM REAVES__

Case Number ____86-729__

# SENTENCE

(As to Count ____I____)

The Defendant, being personally before this Court, accompanied by his attorney, __CLIFFORD BARNES__

_____, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown,

☐ and the Court having on _____ deferred imposition of sentence until this date. (date)

*(Check either provision if applicable)*

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein,

THE SENTENCE OF THE LAW AND THE JUDGMENT AND ORDER OF THIS COURT, that for the crime of **MURDER IN THE FIRST DEGREE**, for which you now stand convicted, you shall be taken by the Sheriff of the County of Indian River to the common jail of said County or the State Prison in the State of Florida and there securely kept until such time as the Governor of the State of Florida shall in and by his Warrant fix and appoint, at which time you shall be delivered by the Sheriff of said County to the Superintendent of the State Prison of the State of Florida, at the place of execution named in the Governor's Warrant as soon as may be after receipt by the Sheriff of the said County of the Death Warrant for you from the Governor of said State, at which time and place in said Warrant fixed and named, and within the walls of the permanent death chamber provided by law, you shall be, by the proper execution officer of the State Prison, electrocuted until you are dead. AND MAY GOD HAVE MERCY ON YOUR SOUL.

Thereupon the defendant was remanded to the custody of the Sheriff.

Page ____ of ____ **O.R. 0777 PG** 2443

**3**

Defendant __WILLIAM REAVES__

Case Number ___86-729___

*Consecutive/Concurrent*
*(As to other convictions)*

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☐ concurrent with (check one) the following:

☐ Any active sentence being served.

☐ Specific sentences: _____

_____

_____

_____

In the event the above sentence is to the Department of Corrections, the Sheriff of ___INDIAN RIVER___ County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

_____

_____

_____

_____

DONE AND ORDERED in Open Court at Vero Beach, Indian River County, Florida, this ___2nd___ day of __SEPTEMBER__ A.D., 19 __67___.

_____
JUDGE

Page _____ of _____ **O.R. 0777 PG** 2444

**23**